# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| CONTRACTOR TECHNOLOGY, | § | |
| LTD., | § | |
|     Debtor. | § | |
| _____ | § | |
| | § | |
| CONTINENTAL MANUFACTURING | § | **CIVIL ACTION NO. H-06-0333** |
| COMPANY, LTD., | § | |
|     Appellant, | § | |
| | § | |
| v. | § | Appeal from Adversary No. 05-3803 |
| | § | Bankruptcy Case No. 05-37623-H1-7 |
| RONALD J. SOMMERS, | § | |
| Trustee, | § | |
|     Appellee. | § | |

## MEMORANDUM AND ORDER

Appellant Continental Manufacturing Company, Ltd. ("Continental") appeals from the United States Bankruptcy Court's order granting summary judgment in favor of the Bankruptcy Trustee in an avoidance proceeding under 11 U.S.C. § 549. Having considered the parties' submissions[1], all matters of record, and applicable legal authorities, the Court concludes that Bankruptcy Court's decision should be **affirmed**.

---

[1] The Court imposed an extended deadline of April 17, 2006 for Appellant to file its Reply brief. *See* Order [Doc. # 11]. Appellant neither filed a Reply nor requested an extension of time to do so.

P:\ORDERS\11-2006\0333BRApp.wpd

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Debtor Contractor Technology, Ltd. ("Contractor Technology") has concrete mixer trucks for which Continental provided and installed replacement parts. As payment for these parts and installation services, Contractor Technology issued a check to Continental for $5,088.66. Continental received the check on May 10, 2005. Debtor filed a petition under Chapter 11 in the United States Bankruptcy Court for the Southern District of Texas on May 13, 2005. Continental cashed the check and it cleared Debtor's bank account on May 16, 2005.

The United States Bankruptcy Trustee filed this adversary proceeding pursuant to 11 U.S.C. § 549 seeking avoidance of the $5,088.66 payment. The Bankruptcy Court granted the Trustee's Motion for Summary Judgment, holding that the "transfer" occurred when the check cleared Debtor's bank post-petition. This appeal followed.

**II.    STANDARD OF REVIEW**

The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1). The Court reviews a bankruptcy judge's conclusions of law *de novo* and findings of fact under the "clearly erroneous" standard. *In re Perry*, 345 F.3d 303, 309 (5th Cir. 2003). Mixed questions of law and fact are reviewed *de novo. In re U.S. Brass Corp.*, 301 F.3d 296, 306 (5th Cir. 2002). The date the transfer occurred is a mixed question of law and fact. *See Matter of Southmark Corp.*, 62 F.3d 104, 106 (5th Cir. 1995).

This Court "may affirm if there are grounds in the record to support the judgment, even if those grounds were not relied upon by the courts below." *In re Cueva*, 371 F.3d 232, 236 (5th Cir. 2004) (quoting *Matter of Besing*, 981 F.2d 1488, 1494 (5th Cir.), *cert. denied*, 510 U.S. 821 (1993)).

## III. <u>ANALYSIS</u>

A transfer of property of a bankruptcy estate is subject to avoidance under 11 U.S.C. § 549 if the transfer occurred after the commencement of the bankruptcy proceeding and was not authorized by the Bankruptcy Court or the Bankruptcy Code. *See* 11 U.S.C. § 549; *In re Paxton*, 440 F.3d 233, 236 (5th Cir. 2006). In this case it is undisputed that there was a transfer of estate property and that the transfer was not authorized by the Bankruptcy Court or the Bankruptcy Code. Therefore, the only issue in this appeal is whether the transfer occurred after commencement of the bankruptcy proceeding. Appellant argues that the transfer occurred when it received the check from Debtor before the petition was filed. Appellee argues, and the Bankruptcy Court held, that the transfer occurred when the check was cashed and honored by the bank after the petition was filed. This Court concludes that Appellee and the Bankruptcy Court are correct.

The United States Supreme Court has answered the question definitively for purposes of avoiding transfers under § 547(b).[2] *See Barnhill v. Johnson*, 503 U.S. 393, 394 (1992). In *Barnhill*, the Supreme Court held that for purposes of § 547(b) avoidance proceedings, checks are transferred on the date they are honored by the drawee bank, not on the date they are received by the creditor. *Id.*

Appellant correctly notes that *Barnhill* addressed only § 547(b) proceedings, not avoidance actions under § 549. The Court concludes, however, that the "date of honor" rule applies equally to § 549 proceedings. The Supreme Court in *Barnhill* dealt with the definition of "transfer" in 11 U.S.C. § 101(54).[3] The definitions in § 101 apply to all provisions of Title 11, not just § 547(b). *See* 11 U.S.C. § 101 ("In this title the following definitions shall apply"). As noted by the Supreme Court in *Barnhill*, the debtor does not dispose or part with the funds subject to the check until the creditor cashes it because "a check is simply an order to the drawee bank to pay the sum stated, signed by the maker and payable on demand." *See Barnhill*, 503 U.S. at 398.

---

[2]  Generally, § 547(b) permits the trustee to avoid transfers to a creditor in connection with an antecedent debt that are made while the debtor was insolvent and made during a specific period of time prior to the date the petition was filed where the transfer enables the creditor to receive more than the creditor would receive under certain other circumstances. *See* 11 U.S.C. § 547(b); *Barnhill v. Johnson*, 503 U.S. 393, 394 (1992).

[3]  Section 101(54)(D) defines "transfer" to include any mode, "of disposing of or parting with (i) property or (ii) an interest in property."

Consequently, a check does not "transfer" property of the bankruptcy estate – whether for purposes of § 547(b) or § 549(a) – until the check is cashed and honored by the bank.

Additionally, there is no persuasive argument for determining the time of transfer differently for purposes of § 549 than for § 547.  Although the elements for each proceeding are different, each requires a transfer during a specific period of time.  Section § 549 requires that the transfer be made after the commencement of the bankruptcy case, while § 547 requires that the transfer be made under the listed circumstances and within a certain period before the date of filing.  Although the relevant times are different for each statute, there is no logical reason not to use the same test to determine the date of transfer for purposes of both statutes.

The only court of appeals to address the issue since *Barnhill* adopted a "date of honor" rule for avoiding transfers under § 549.  *See In re Oakwood Markets, Inc.*, 203 F.3d 406, 409 (6th Cir. 2000).  The Sixth Circuit expressly stated that *Barnhill* was not controlling, but held independently that

> adoption of the date of honor rule in the context of 11 U.S.C. § 549(a) is appropriate because this rule encourages the prompt submission of checks to the bank, and provides a date certain upon which parties to the transfer can rely and upon which courts can base a ruling in the event of litigation.

*Id.*

The Court concludes *de novo* that the date of honor rule applies to § 549 avoidance proceedings and, therefore, the date the check is honored by the bank governs. It is undisputed in this case that the $5,088.66 check was not honored by the bank until after Debtor filed its Chapter 11 petition. Accordingly, the transfer was subject to avoidance under § 549 and the decision of the Bankruptcy Court is affirmed.

### IV.   CONCLUSION AND ORDER

The check at issue was not honored by the drawee bank until after Debtor filed its petition under Chapter 11. Therefore, the transfer was post-petition and recoverable under § 549. Accordingly, it is hereby

**ORDERED** that the Bankruptcy Court's January 18, 2006 decision and judgment are **AFFIRMED**. The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this **26th** day of **April, 2006.**

_____
Nancy F. Atlas
United States District Judge